UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LAKESHA THOMAS,

    Plaintiff,

v.

WAL-MART STORES EAST, LP, A Foreign
Limited Partnership,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Plaintiff, LAKESHA THOMAS ("Ms. Thomas" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA") to recover from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

### JURISDICTION

2. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 et seq.

### PARTIES

3. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Bay County, Florida.

4. Plaintiff worked for Defendant in Bay County, Florida, and the venue, therefore, for this case is the Panama City Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce who employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to him seeking to exercise his rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Plaintiff worked for Defendant from March 13, 2014, through her termination on September 1, 2019.

8. Plaintiff was on approved FMLA leave from August 21, 2019, through September 3, 2019.

9. Despite Plaintiff being approved for FMLA leave through Defendant's FMLA provider, Sedgwick, Defendant's management continued to schedule Plaintiff for work in violation of the FMLA.

10. When Plaintiff did not appear for such shifts during which Defendant scheduled her during her FMLA leave, Defendant then terminated Plaintiff effective September 1, 2019, which she was still on FMLA leave.

11. Plaintiff was not returned to the same, or substantially equivalent position she held upon her attempted return for FMLA leave and was, instead, interfered with, retaliated against, and fired for attempting to utilize FMLA leave.

12. The temporal proximity between Plaintiff's FMLA leave, and her termination creates a sufficient nexus between the two (2) events.

13. Defendant's conduct constitutes actionable FMLA interference and retaliation.

14. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

15. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights, and retaliated against her for utilizing authorized FMLA leave.

16. Defendant acted with intent to terminate Plaintiff when she should have been, and was, FMLA covered.

17. Defendant fired Plaintiff because of her need for FMLA protected time away from work.

18. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her attempt to use FMLA.

19. Defendant did not have a good faith basis for its actions.

## **UNLAWFUL INTERFERENCE & RETALIATION UNDER THE FMLA**

20. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-19, above.

21. At all times relevant hereto, Plaintiff was protected by the FMLA.

22. At all times relevant hereto, Defendant interfered with and retaliated against Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights, and firing her for her use of, what should have been, FMLA protected leave.

23. At all times relevant hereto, Plaintiff was protected from interference/retaliation under the FMLA.

24. At all times relevant hereto, and for purposes of the FMLA retaliation claim, Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her rights to take approved leave pursuant to the FMLA.

25. As a result of Defendant's intentional, willful and unlawful acts by interfering with, and retaliating against, Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

26. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 9th day of January 2020.

                                                Respectfully Submitted,

                                                By**:/s Noah E. Storch**
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. SR. 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail: noah@floridaovertimelawyer.com

*Attorneys for Plaintiff*